IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DENNIS SUESUE,<br><br>    Defendant. | Case No. 3:07-cr-00035-TMB-KFM<br><br>**FINAL REPORT AND RECOMMENDATION[1] REGARDING A SUCCESSIVE 28 U.S.C. § 2255 MOTION TO VACATE CONVICTION**<br>**[Docket No. 594]** |

## I. MOTION PRESENTED

Before the Court is Dennis Suesue's Circuit Court-authorized[2] successive 28 U.S.C. § 2255 motion to vacate and set aside his 18 U.S.C. § 924(c) firearm brandishing conviction.[3] The government opposed.[4] Suesue provided a supplemental merits brief,[5] to which the government responded.[6] Suesue filed a reply merits brief[7] and notices of supplemental authority.[8] No party asked for oral argument and the Court concludes that additional argument would not be helpful. Upon careful consideration of the claims advanced by Suesue, this report

---

[1] This report and recommendation is being issued as a final report and recommendation. Pursuant to Fed. R. Crim. P. 59(b)(3), any objections will be considered by the District Court Judge, who will accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration and recommendations.
[2] Docket No. 593.
[3] Docket No. 594.
[4] Docket No. 599.
[5] Docket No. 600.
[6] Docket No. 604.
[7] Docket No. 605.
[8] Docket Nos. 601; 606.

recommends that the District Court, upon independent review, deny Suesue's petition to vacate his 18 U.S.C. § 924(c)(1) firearm brandishing conviction.

## II. BACKGROUND

### A. The Indictment, Trial, Sentence, and Judgment

In 2008, a grand jury returned a multi-count indictment against Suesue stemming from an assault on a federal agent in March, 2007.[9] The indictment charged Suesue in Count 1 with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), in Count 2 with assaulting a federal agent in violation of 18 U.S.C. §§ 111(a)(1) and (b), in Count 3 with possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in Count 4 with armed robbery of federal property in violation of 18 U.S.C. §2114(a), in Count 5 with using a firearm in furtherance of a crime of violence by brandishing a firearm during the assault on a federal agent charged in Count 2 in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(1)(A)(ii), and in Counts 6 and 7 with threatening to assault or murder a family member of a federal law enforcement officer, or a federal law enforcement officer in violation of 18 U.S.C. §§ 115(a)(1)(A), (a)(1)(B), and (b)(1)(4).[10]

The trial jury convicted Suesue on all counts.[11] Suesue's sentencing guideline range for Counts 1–4, 6, and 7 combined was 262 to 327 months.[12] Suesue's conviction for Count 5, the § 924 (c) violation, resulted in an enhanced sentencing guideline range of 360 months to life.[13] The Court sentenced Suesue to a composite sentence of 360 months: 120 months on Count 1, 240 months on Counts 2 and 3, 276 months on Count 4, and 72 months on Counts 6 and

---

[9] Docket No. 206.
[10] *Id.*
[11] Docket No. 373.
[12] Docket Nos. 594 at 4; 600 at 4; *see* Docket No. 370 (sealed).
[13] Docket Nos. 594 at 4; 600 at 4.

*United States v. Suesue*     Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)     Page 2
Case 3:07-cr-00035-TMB   Document 607   Filed 04/19/18   Page 2 of 20

7, all to be served concurrently; plus 84 months for Count 5, to be served consecutively to the other counts.[14]

**B.     Direct Appeal**

Suesue appealed his sentence, arguing that he was not a career offender.[15] The Ninth Circuit affirmed.[16] Suesue filed a petition for writ of certiorari to the U.S. Supreme Court,[17] which the Supreme Court denied,[18] making his conviction final on May 28, 2010.[19]

**C.     Motion Practice Related to Suesue's Firearm Brandishing Conviction (Count 5) and Sentence**

Suesue filed a *pro se* § 2255 motion to vacate sentence on April 18, 2016.[20] In 2017, through counsel, Suesue sought leave from the Ninth Circuit to file a successive 28 U.S.C. § 2255 motion to vacate only his §§ 924(c)(1)(A) and 924(c)(1)(A)(ii) firearm brandishing conviction (Count 5).[21] Initially, he also sought to challenge his designation as a career offender and the corresponding Guidelines enhancements;[22] he abandoned the career offender challenge after the Supreme Court decided *Beckles v. United States*.[23] The appellate court authorized the

---

[14] Docket Nos. 594 at 5; 600 at 4.
[15] *See United States v. Suesue*, 362 F. App'x 877 (9th Cir. 2010).
[16] *Id*. at 878.
[17] Docket No. 399.
[18] Docket No. 401.
[19] *Id*.; *see United States v. Schwartz,* 274 F.3d 1220, 1223 (9th Cir. 2001) (a judgment is final for § 2255 purposes when a petition for certiorari is "finally denied").
[20] Docket No. 580.
[21] Docket No. 594 at 2.
[22] *Id*.
[23] 137 S. Ct. 886 (2017); *see* Docket No. 600 at 2 n.2.

*United States v. Suesue*                                                                                                                                  Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)                                Page 3
Case 3:07-cr-00035-TMB   Document 607   Filed 04/19/18   Page 3 of 20

filing,[24] which this Court in turn treated as Suesue's second or successive § 2255 motion to vacate his conviction.[25]

### 1. Suesue's motion to vacate

Suesue's motion to vacate his § 924(c)(1) conviction is dependent on three concepts: (1) that assault on a federal officer does not qualify as a "crime of violence" without relying on the "risk-of-force" clause[26] of 18 U.S.C. § 924(c)(3)(B);[27] (2) that the Supreme Court in *Johnson v. United States* ("*Johnson II*")[28] recently struck down a similarly worded "crime of violence" definition in the Armed Career Criminal Act's (ACCA) risk-of-force clause;[29] and (3) the reasoning in *Johnson II* requires the conclusion that the risk-of-force clause in § 924(c)(3)(B) is unconstitutionally vague.[30] Suesue asks that his §§ 924(c)(1)(A) and 924(c)(1)(A)(ii) firearm brandishing conviction be vacated because the alleged predicate "crime of violence," assault on a federal officer, no longer qualifies after *Johnson II*.[31]

---

[24] Docket No. 593. The District Court earlier denied Suesue's first § 2255 motion as untimely. Docket Nos. 408; 471. The District Court rejected Suesue's request for a certificate of appealability. Docket Nos. 476; 484; 489. The Ninth Circuit denied Suesue's appeal of the District Court's dismissal of his first § 2255 motion. Docket No. 549 (affirming the District Court decision that the motion was untimely, and stating that had the Ninth Circuit reached the merits, it still would have dismissed his motion). Suesue petitioned the U.S. Supreme Court for writ of certiorari. Docket No. 561. The Supreme Court denied the petition. Docket No. 562.

[25] Docket No. 598.

[26] Some courts have referred to § 924(c)(3)(b) as the residual clause. *See, e.g., United States v. Wheeler,* 857 F.3d 742, 744 (7th Cir. 2017). This Court adopts the terminology used by the Second Circuit in *United States v. Hill,* 832 F.3d 135, 138 n.4 (2d Cir. 2016) ("The parties' briefs refer to § 924(c)(3)(B) as the 'residual clause.' We think the shorthand 'risk-of-force clause' is clearer and thus adopt that terminology.").

[27] Docket No. 594 at 2.

[28] 135 S. Ct. 2551 (2015).

[29] Docket No. 594 at 2, 9.

[30] *Id*. at 2.

[31] *Id*. Suesue's initial motion to vacate included an additional assertion that he should not be considered a career offender because his prior conviction for burglary also was improperly analyzed under an unconstitutionally vague risk-of-force in the United States Sentencing Guidelines § 4B1.2(a)(2). Docket No. 594 at 2–3. Because Suesue conceded this claim after the decision in *Beckles*, *see supra* note 23, we do not discuss it. Docket No. 600 at 2 n.2.

*United States v. Suesue*     Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)     Page 4
Case 3:07-cr-00035-TMB    Document 607    Filed 04/19/18    Page 4 of 20

In particular, he argues that the offense he was convicted of, assault on a federal officer under 18 U.S.C. §§ 111(a) and (b), is not a crime of violence under § 924(c)(3). Section 924(c)(3) provides two definitions for a crime of violence: a felony offense that involves either the use of force, or a substantial risk of force. Suesue says that assault on a federal officer does not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another" required under § 924(c)(3)(A) (the "force clause").[32] He also asserts that § 924(c)(3)(B), the "risk-of-force clause," is unconstitutionally vague after *Johnson II* in violation of the Fifth Amendment Due Process clause.[33]

### 2. The government's opposition

The government opposes Suesue's collateral attack for four reasons.[34] First, the government asserts that Suesue's § 924(c)(3)(B) claim is procedurally defaulted because he failed to raise his vagueness and due process challenges before the trial court or on direct appeal, and he has not shown cause and actual prejudice.[35] Second, the government says that Suesue's motion is time-barred by the one-year limitation contained in § 2255(f).[36] Third, the government contends that assault on a federal officer categorically qualifies as a crime of violence under the force clause.[37] Fourth, the government disagrees with Suesue's claim that the risk-of-force clause in § 924(c)(3)(B) is unconstitutionally vague.[38] Moreover, between the time when Suesue filed his motion to vacate and when the government submitted its response in opposition, the Supreme

---

[32] Docket No. 594 at 11–22.
[33] *Id.* at 7–9.
[34] Docket No. 599 at 5–6.
[35] *Id.* at 6–7.
[36] *Id.* at 7–8.
[37] *Id.* at 8–15.
[38] *Id.* at 15–20.

*United States v. Suesue*                                                                   Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)     Page 5
Case 3:07-cr-00035-TMB    Document 607    Filed 04/19/18    Page 5 of 20

Court decided *Beckles*.[39] The government accurately indicated that *Beckles* foreclosed Suesue's unconstitutional sentencing guideline enhancement argument.[40]

Both parties submitted supplemental merits briefing supporting the arguments made in their initial pleadings.[41] Additionally, Suesue filed two notices of supplemental authority to further support his merit briefing.[42]

### III. ISSUE PRESENTED

Is Assault on a Federal Officer involving the threatened use of a deadly or dangerous weapon under 18 U.S.C. 111(a) and (b) a "crime of violence" within the meaning of 18 U.S.C. § 924(c)(3) when it is the predicate crime of violence for an alleged § 924(c)(1)(A) firearm brandishing violation?

### IV. ANALYSIS

**A. Introduction**

Upon careful evaluation of the claims advanced by Suesue, this Court recommends that the District Court deny his § 2255 motion to vacate the firearm brandishing conviction. Suesue's motion must be denied because: (1) his application is procedurally defaulted, and (2) his request is time-barred. More importantly, Suesue cannot prevail because assault on a federal officer involving a deadly or dangerous weapon, 18 U.S.C. §§ 111(a) and (b), is a crime of violence under the force clause. Therefore, it categorically satisfies the predicate "crime of violence" requirement for the firearm brandishing conviction. Because assault on a federal officer involving a deadly or dangerous weapon so clearly qualifies as a crime of violence under the force clause, this Court does not reach Suesue's risk-of-force vagueness claim.

---

[39] 137 S. Ct. 886 (2017).
[40] Docket No. 599 at 21.
[41] Docket Nos. 600; 604; 605.
[42] Docket Nos. 601; 606.

*United States v. Suesue*   Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)   Page 6
Case 3:07-cr-00035-TMB   Document 607   Filed 04/19/18   Page 6 of 20

**B.     The Government's Procedural Default and Time-Bar Arguments are Persuasive**

The government prevails on the procedural default and time-bar arguments, primarily because assault on a federal officer involving a deadly or dangerous weapon categorically matches the force clause.

### 1.    Suesue's procedural default is not excused

Suesue admits the procedural default because he failed to raise the due process challenge in the trial court and, thereafter, on direct appeal.[43] However, he seeks to excuse the default by claiming actual innocence and by alleging cause for the default and actual prejudice.[44] Suesue's arguments are not persuasive.

#### (a)    Actual innocence

Actual innocence means factual innocence.[45] Suesue's actual innocence claim centers on the contention that his conviction for assault on a federal officer does not qualify as a crime of violence and that his conduct could not, therefore, violate the firearm brandishing statute—which requires the conduct to be associated with a crime of violence.[46] But, as demonstrated below, assault on a federal officer categorically qualifies as a crime of violence under the force clause. For this reason, Suesue has failed to demonstrate actual innocence, and cannot thereby excuse the procedural default.

#### (b)    Cause and actual prejudice

Suesue next contends that the due process challenge to § 924(c)(3) was not reasonably available before his conviction became final.[47] He reasons that when *Johnson II*

---

[43] Docket No. 600 at 10.
[44] *Id.* at 10–12.
[45] *Bousley v. United States,* 523 U.S. 614, 623 (1998).
[46] Docket No. 600 at 10.
[47] *Id.* at 12.

*United States v. Suesue*                                                                                   Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)                    Page 7
Case 3:07-cr-00035-TMB   Document 607   Filed 04/19/18   Page 7 of 20

declared the ACCA risk-of-force clause unconstitutionally vague, it expressly overruled *James v. United States* and *Sykes v. United States*.[48] *James*[49] and *Sykes*[50] each opined that the ACCA risk-of-force clause was not unconstitutionally vague.[51] Suesue then claims actual prejudice by arguing his conduct did not violate the firearm brandishing statute because assault on a federal officer does not qualify as a crime of violence under the force clause or the risk-of-force clause, rendering his § 924(c) conviction unconstitutional.

### (i) Not reasonably available

A procedural default can be excused when "the legal basis for [the] claim was not reasonably available to counsel" before trial or when the guilty plea was entered.[52] But the claim must be "so novel that its legal basis is not reasonably available to counsel" before it will excuse a procedural default.[53] Adverse precedent alone does not make a claim unavailable. This is so because "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time."[54]

Suesue urges this Court to apply the analysis in *Reed v. Ross*[55] to find that the Supreme Court decision in *Johnson II* fell into *Reed's* first two categories, namely that it: "(1) explicitly overrules one of the Court's precedents; or (2) overturns a longstanding and widespread practice to which the Court has not spoken, 'but which a near-unanimous body of lower court authority has expressly approved.'"[56]

---

[48] *Id.*; *see Johnson II,* 135 S. Ct. at 2563.
[49] 550 U.S. 192, 210 n.6 (2007).
[50] 564 U.S. 1, 14–16 (2011).
[51] *Johnson II,* 135 S. Ct. at 2563.
[52] *Bousley v. United States,* 523 U.S. 614, 622 (1998).
[53] *Id.*
[54] *Id.* at 623 (quotation marks omitted) (quoting *Engle v. Isaac,* 456 U.S. 107, 130 n.35 (1982)).
[55] 468 U.S. 1, 15 (1984).
[56] Docket No. 600 at 11; *see also Reed,* 468 U.S. at 17 (citation omitted).

*United States v. Suesue*     Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)     Page 8
Case 3:07-cr-00035-TMB    Document 607    Filed 04/19/18    Page 8 of 20

Suesue's argument here[57] is not persuasive. Suesue asserted on direct appeal that his previous military conviction in 1998 for burglary did not qualify as a predicate crime of violence for career offender purposes.[58] As the government notes, if Suesue could argue that a burglary conviction was not categorically a crime of violence under *Taylor*,[59] he certainly could have asserted that assaulting a federal officer was not categorically a crime of violence under § 924(c)(3).[60] Before *Johnson II*, courts routinely resolved challenges to the meaning and applicability of a "crime of violence" in multiple contexts.[61] Nothing about Suesue's current due process challenge can be fairly considered to be so novel that its legal basis was not reasonably available to his counsel before his sentence became final. Suesue's procedural default cannot be excused because his due process challenge as to the force clause was reasonably available in 2008.

### (ii) Actual prejudice

But, even if that were not so, Suesue has failed to demonstrate actual prejudice. His actual prejudice argument centers on *Johnson II*.[62] *Johnson II* holds that the similarly (but not identically) worded risk-of-force definition in the ACCA[63] "denies fair notice to defendants and invites arbitrary enforcement by judges" when used to increase the applicable penalties from a maximum of ten years to a statutory mandatory minimum sentence of fifteen years up to life.[64] Suesue contends that the consecutive 84-month § 924(c) sentence constitutes actual prejudice.

---

[57] Docket No. 600 at 11.
[58] *See United States v. Suesue*, 362 F. App'x 877, 879 (9th Cir. 2010); *see also* Docket No. 604 at 7.
[59] *Taylor v. United States,* 495 U.S. 575 (1990).
[60] Docket No. 604 at 7.
[61] *See, e.g., United States v. Juvenile Female*, 566 F.3d 943 (9th Cir. 2009); *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 919 (9th Cir. 2014); *United States v. Hernandez-Castellanos*, 287 F.3d 876, 881 (9th. Cir. 2002).
[62] 135 S. Ct. 2551 (2015).
[63] 18 U.S.C. § 924(e).
[64] 135 S. Ct. at 2557; *but see Beckles,* 137 S. Ct. at 897 (holding the U.S.S.G., and in particular the identically worded risk-of-force clause in § 4B1.2, is not subject to a constitutional void for vagueness challenge).

*United States v. Suesue*     Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)     Page 9
Case 3:07-cr-00035-TMB    Document 607    Filed 04/19/18    Page 9 of 20

But, once again, as demonstrated below, persuasive authority convincingly establishes that assault on a federal officer categorically qualifies as a crime of violence under the force clause and no analysis under the risk-of-force clause is required. Thus, Suesue's procedural default cannot be excused because he has not suffered actual prejudice.

**2.    Suesue's collateral attack is time-barred**

Title 28 United States Code section 2255(f) establishes a one-year period of limitation on motions to vacate a conviction and sentence. Suesue's conviction became final on May 28, 2010,[65] and the current collateral attack comes nearly six years later. Relevant to the present challenge, § 2255(f)(3) allows for a post-conviction relief application one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[66]

Suesue's risk-of-force challenge centers, by analogy, on (1) *Johnson II's* holding that the ACCA's risk-of-force clause violates the Fifth Amendment as unconstitutionally vague when used to elevate statutory maximum sentence from ten years to a statutory mandatory minimum sentence of not less than fifteen years and up to life, and (2) the Ninth Circuit's holding in *Dimaya v. Lynch*[67] that the risk-of-force clause found in 18 U.S.C. § 16(b) is unconstitutionally vague when applied in an immigration removal context. *Johnson II* applies retroactively to ACCA cases on collateral review.[68] Suesue's risk-of-force clause challenge was filed within one year of that holding. Although the Supreme Court affirmed *Dimaya*,[69] there is, as yet, no comparable

---

[65] *See* Docket No. 401; *see supra* note 19.
[66] 28 U.S.C. § 2255(f)(3).
[67] 803 F.3d 1110 (9th Cir. 2015), *aff'd sub nom*, *Sessions v. Dimaya,* ___ U.S. ___, 2018 WL 1800371 (April 17, 2018).
[68] *Welch v. United States,* 136 S. Ct. 1257, 1268 (2016).
[69] *Sessions v. Dimaya,* ___ U.S. ___, 2018 WL 1800371 (April 17, 2018).

*United States v. Suesue*                                                                                      Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)                      Page 10
Case 3:07-cr-00035-TMB   Document 607   Filed 04/19/18   Page 10 of 20

Supreme Court collateral review holding in *Dimaya*. Moreover, Suesue cites no Supreme Court authority, and this Court can find none, which holds that Suesue's force clause due process challenge has been retroactively approved for cases on collateral review.

For all these reasons, Suesue's current collateral attack is time-barred under § 2255(f).

C. **Assault on a Federal Officer Categorically Qualifies as a Crime of Violence Under § 924(c)(3)**

Even if this Court were to find that Suesue's motion could proceed notwithstanding his procedural default and failure to meet the timeliness requirement of § 2255(f), Suesue is not entitled to relief on the merits. This is so because assault on a federal officer involving the threatened use of force with a deadly or dangerous weapon is a crime of violence under the force clause of § 924(c)(3).

Title 18 United States Code section 924(c)(1)(A) outlaws using a firearm during and in relation to a crime of violence. It provides in pertinent part:

> **(c)(1)(A)** Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> **(i)** be sentenced to a term of imprisonment of not less than 5 years;
>
> **(ii)** *if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years*; and
>
> **(iii)** if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.[70]

---

[70] 18 U.S.C. § 924(c)(1)(A) (emphasis added).

*United States v. Suesue*     Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)     Page 11
Case 3:07-cr-00035-TMB    Document 607    Filed 04/19/18    Page 11 of 20

The definition of "crime of violence" in 18 U.S.C. § 924(c) is:

**(3)** For purposes of this subsection the term "crime of violence" means an offense that is a felony and—

**(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another ["Force Clause"], or

**(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense ["Risk-of-force Clause"].

Suesue was convicted of charges including assault on a federal officer in violation of 18 U.S.C. §§ 111(a) and (b).[71] Section 111 provides:

§ 111. Assaulting, resisting, or impeding certain officers or employees

**(a) In general.**—Whoever—

**(1)** forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or

**(2)** forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year, or both, and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be fined under this title or imprisoned not more than 8 years, or both.

**(b) Enhanced penalty.**—Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

---

[71] *See* Docket No. 373 at 1 ("The defendant is adjudicated guilty of . . . 18 U.S.C. § 111(a)(1) and (b)").

*United States v. Suesue*     Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)     Page 12
Case 3:07-cr-00035-TMB Document 607 Filed 04/19/18 Page 12 of 20

### 1. Suesue's force clause challenge

Suesue challenges his firearm brandishing conviction by asserting that assault on a federal officer under 18 U.S.C. § 111 does not qualify as a crime of violence under the force clause.[72] He contends that § 111(a) does not qualify because *any* level of force may be used.[73] This Court need not reach the issue regarding § 111(a), because there is no dispute that Suesue's conviction includes the enhanced penalty specified under § 111(b).[74] Therefore, this Court's analysis centers on whether a § 111(b) offense is a crime of violence. Under the Ninth Circuit's binding ruling in *Juvenile Female*,[75] this Court concludes that a § 111(b) conviction qualifies as a crime of violence.

Suesue's argument that § 111(b) is not a crime of violence is twofold: (1) the statute only requires that a person "inflict bodily injury" which may not necessarily require violent force;[76] and (2) the statute does not require that the use or threatened use of force be intentional.[77] The government responds that, upon application of the modified categorical approach, Suesue's conviction for § 111(b), assault involving a deadly or dangerous weapon or resulting in bodily injury, is a crime of violence because it "has as an element the use, attempted use, or threatened use of physical force."[78] The government contends that "force that causes injury, even if indirectly, is clearly sufficient to rise to the level of violence necessary to satisfy"[79] the definition in the 2010 Supreme Court opinion *Johnson v. United States (Johnson I)*.[80]

---

[72] Docket. No. 600 at 15.
[73] *Id*.
[74] *Id*. at 4; Docket No. 604 at 2.
[75] 566 F.3d at 948.
[76] Docket No. 600 at 15–20.
[77] *Id*. at 20–22.
[78] Docket No. 604 at 12–13.
[79] *Id*. at 18.
[80] 559 U.S. 133, 137 (2010).

*United States v. Suesue*     Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)     Page 13
Case 3:07-cr-00035-TMB Document 607 Filed 04/19/18 Page 13 of 20

The government also opposes Suesue's contention that the statute does not require intentional force.[81] The government submits that *Juvenile Female's* holding that a § 111(b) offense is a crime of violence under the force clause has not been disturbed by *Johnson I* or any other authority.[82]

### (a) Assault on a federal officer requires the use of violent force

To determine if a specific conviction falls under the definition of crime of violence, courts employ the categorical approach.[83] Courts must "determine whether the statute of conviction is categorically a 'crime of violence' by comparing [its] elements . . . with the generic federal definition," that is, the force clause definition for "crime of violence."[84] Courts "look to the elements of the offense rather than the particular facts underlying the defendant's own conviction."[85] If the elements of assault on a federal officer are the same as or narrower than those required for a crime of violence, it is a categorical match. If the comparison were to reveal the assault on a federal officer statute's elements to be overbroad, the statute could still fall within the meaning of a crime of violence. The next step in the analysis is to determine whether the elements of assault on a federal officer are divisible or indivisible.

If the elements are indivisible, the assault on a federal officer statute is overbroad and cannot be a categorical match with a crime of violence. If divisible, meaning a statute that contains "multiple, alternative elements of functionally separate crimes[,]"[86] the court applies what is commonly referred to as the "modified categorical approach," and looks at certain extraneous

---

[81] Docket No. 604 at 18.
[82] *Id*. at 19.
[83] *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). *See also Taylor v. United States*, 495 U.S. 575 (1990).
[84] *United States v. Sahagun-Gallegos*, 782 F.3d 1094, 1098 (9th Cir. 2015).
[85] *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 920 (9th Cir. 2014) (citing *Descamps v. United States,* 133 S. Ct. 2276, 2281 (2013); *United States v. Grajeda,* 581 F.3d 1186, 1189 (9th Cir. 2009)).
[86] *Rendon v. Holder,* 764 F.3d 1077, 1085 (9th Cir. 2014) (emphasis omitted).

*United States v. Suesue*　　　　　　　　　　　　　　　　　　　Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)　　Page 14
Case 3:07-cr-00035-TMB　Document 607　Filed 04/19/18　Page 14 of 20

documents, such as charging documents, jury instructions, or plea agreements, to determine whether an assault on a federal officer qualifies as a crime of violence under the force clause.[87]

In *Dominguez-Maroyoqui*, the Ninth Circuit held that § 111 specifies three distinct offenses.[88] Under a substantially similar previous version of the statute, they consisted of:

(1) a misdemeanor if the defendant's acts constituted "only simple assault";

(2) a felony with a 3–year statutory maximum under § 111(a) "in all other cases"; and

(3) a felony with a 10-year statutory maximum under § 111(b) if the defendant used a deadly or dangerous weapon or inflicted bodily injury.[89]

Analyzing the third offense, § 111(b), this Court compares the elements of that offense with the elements in § 924(c)'s force clause. The Ninth Circuit previously has held that assault on a federal officer involving a deadly or dangerous weapon or resulting in bodily injury categorically qualifies as a crime of violence under the force clause.[90] In *Juvenile Female*, the court identified two variants: (1) assault involving a deadly or dangerous weapon, and (2) assault resulting in bodily injury.[91] Suesue argues that *Juvenile Female* "did not discuss the level of force necessary to commit the offense of assault on a federal officer."[92] However, the court *in Juvenile Female* held:

> A defendant charged with the first variant, assault with a deadly or a dangerous weapon, must have always "threatened [the] use of physical force," . . . because he or she will have either made a "wilful attempt to inflict injury" or a "threat to inflict injury," *Chapman,* 528 F.3d at 1219–20 (internal quotation

---

[87] *United States v. Calvillo-Palacios,* 860 F.3d 1285, 1288 (9th Cir. 2017) ("Where a statute is divisible, we apply the 'modified categorical approach' under which we 'consult a limited class of documents, such as indictments and jury instructions, to determine which alternative element formed the basis of the defendant's prior conviction.") (quoting *Descamps,* 133 S. Ct. at 2281).
[88] *Dominguez-Maroyoqui*, 748 F.3d at 919.
[89] *Id*. at 920.
[90] *Juvenile Female*, 566 F.3d at 947.
[91] *Id*.
[92] Docket No. 600 at 15.

*United States v. Suesue*                                                          Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)         Page 15
Case 3:07-cr-00035-TMB    Document 607    Filed 04/19/18    Page 15 of 20

omitted), with an object that "may endanger the life of or inflict great bodily harm on a person."[93]

Suesue's argument that *Johnson I* has replaced the reasoning of *Juvenile Female* is unpersuasive.[94] In *Johnson I*,[95] the Court was asked to decide whether a simple assault statute that permitted conviction for any intentional physical contact, *no matter how slight,* which in turn was a felony *only* because of a recidivist statute, qualified as a crime of violence under the ACCA.[96] The *Johnson I* Court said no, holding that the force necessary for the ACCA predicate at least must be that which is capable of causing physical pain or injury to another person.[97] But *Johnson I* did not address the "threatened use" variant that comprises Suesue's conviction, that is, a fear assault that threatens the use of physical force using a deadly or dangerous weapon.

Moreover, since *Johnson I*, well-reasoned cases from other circuits and from district courts within the Ninth Circuit persuasively hold that § 111(b) offenses are crimes of violence. These authorities persuade this Court to find that assault on a federal officer is a crime of violence under the force clause of § 924(c).

Four circuits, post-*Johnson II*, have ruled that a violation of § 111(b) is a crime of violence.[98] The Tenth Circuit in *Kendall* reasoned:

> Although one can violate § 111 in a number of ways—by assaulting, resisting, opposing, impeding, intimidating, or interfering with a designated official—every conviction under § 111 requires an assault. To determine if every violation of § 111(b) is a crime of violence, then, we need only determine whether both an assault that causes bodily injury and an assault with a deadly weapon involve the use, threatened use, or attempted use of violent physical force. They

---
[93] *Juvenile Female,* 566 F.3d at 948. *Juvenile Female* compared the elements of § 111(b) with the elements of a crime of violence in 18 U.S.C. § 16(a), the identical analog to the force clause definition of crime of violence in § 924 (c).
[94] *See* Docket Nos. 605 at 3–4; 600 at 15.
[95] 559 U.S. 133 (2010).
[96] *Id.* at 136–37.
[97] *Id.*
[98] *See United States v. Kendall,* 876 F.3d 1264, 1270 (10th Cir. 2017); *United States v. Taylor,* 848 F.3d 476, 491–95 (1st Cir. 2017); *United States v. Rafidi,* 829 F.3d 437, 446 (6th Cir. 2016); *United States v. Hernandez-Hernandez,* 817 F.3d 207, 214–17 (5th Cir. 2016).

*United States v. Suesue*     Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)     Page 16
Case 3:07-cr-00035-TMB   Document 607   Filed 04/19/18   Page 16 of 20

both do. A conviction under § 111(b) necessarily requires a finding the defendant intentionally used, attempted to use, or threatened to use physical force against the person of another.[99]

This Court agrees with the opinion in *United States v. Bell* that "*Juvenile Female* remains binding on this Court and forecloses the argument that §111(b) is not a crime of violence . . . under the § 924(c)(3) force clause."[100]

### (b) Assault on a federal officer requires the use of intentional force

Suesue also argues that assault on a federal officer cannot be a crime of violence under the force clause because the statute does not specify a *mens rea*. Suesue asserts that under *United States v. Jim* a § 111 offense is a general intent crime.[101] Relying on *Leocal v. Ashcroft*[102] and *Fernandez-Ruiz v. Gonzales*,[103] Suesue says a crime of violence must be intentional and that it must include an intent to use force. In other words, according to Suesue, a general intent will not suffice and §111(b) assault categorically cannot constitute a crime of violence.

But Suesue's argument fails for two reasons. First, even after *Leocal* and *Fernandez-Ruiz* were decided, *Juvenile Female* held that § 111(b) is a crime of violence.[104] Suesue's claim that the court in *Juvenile Female* did not consider the issue and undertake the proper categorical comparison is not persuasive.[105] *Juvenile Female* discussed the elements of

---

[99] *Kendall*, 876 F.3d at 1270 (internal quotations and citations omitted).
[100] 158 F. Supp. 3d 906, 918 (N.D. Cal. 2016) (discussing the Supreme Court holding in *United States v. Castleman*, 134 S. Ct. 1405 (2014), that precludes a similar argument that an indirect use of force cannot give rise to a crime of violence).
[101] Docket No. 600 at 20–21; *see United States v. Jim*, 865 F.2d 211, 215 (9th Cir. 1989).
[102] 543 U.S. 1, 9–10 (2004).
[103] 466 F.3d 1121, 1132 (9th Cir. 2006).
[104] 566 F.3d at 948.
[105] Suesue takes issue with *Juvenile Female*'s citation to *United States v. Spears*, suggesting that *Spears* created a narrower holding—it "dealt only with whether a defendant need know that the person he assaults is a federal officer"—that would not apply in this analysis. *See* Docket Nos. 600 at 21; 594 at 22. *Spears* held that § 111 "only requires an intent to assault, not an intent to assault a federal officer." *United States v. Spears*, 631 F.2d 114, 117 n.5 (9th Cir. 1980). This Court is satisfied that *Spears* and Supreme Court authority establish that § 111 requires intent to assault. *See also United States v. Feola*, 420 U.S. 671, 684 (1975) (§ 111 requires only intent to assault, not intent to assault a federal official).

*United States v. Suesue*     Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)     Page 17
Case 3:07-cr-00035-TMB Document 607 Filed 04/19/18 Page 17 of 20

§ 111, and plainly addressed the assault element. Comparing that *mens rea* element to the *mens rea* necessary to meet the definition of crime of violence: assault on a federal officer requires proof of intent; *Leocal* and *Fernandez-Ruiz* require more than mere negligence or recklessness. *Juvenile Female*'s analysis is correct, and this Court is bound by it here. Furthermore, *Juvenile Female* is not the only post-*Leocal* Ninth Circuit case to have concluded that assault on a federal officer is a crime of violence. *Dominguez-Maroyoqui* approved *Juvenile Female*'s holding that § 111(b) is a crime of violence under the force clause.[106]

Second, when the offense of assault on a federal officer is analyzed as a general intent crime, the Ninth Circuit has held that general intent "remains a sufficient *mens rea* to serve as the basis for a crime of violence."[107] Suesue's argument that §111(b) is a general intent crime under *Jim* does not restrict this Court from concluding, in line with Ninth Circuit authority, that § 111(b) is a crime of violence under the force clause.

### 2. Suesue's risk-of-force clause challenge

Suesue next challenges his conviction by contending that assault on a federal officer cannot qualify as a crime of violence under the risk-of-force clause. He relies on *Johnson II*[108] and *Dimaya*,[109] to argue that the risk-of-force clause violates the Fifth Amendment Due Process clause as unconstitutionally vague. On April 17, 2018, the Supreme Court affirmed *Dimaya*, holding that 18 U.S.C. § 16(b), as incorporated in the Immigration and Nationality Act, is unconstitutionally vague.[110]

---

[106] 748 F.3d at 920.
[107] *United States v. Werle*, 877 F.3d 879, 882 (9th Cir. 2017).
[108] 135 S. Ct. 2551 (2015).
[109] 803 F.3d 1110 (9th Cir. 2015).
[110] *Sessions v. Dimaya,* ___ U.S. ___, 2018 WL 1800371 (April 17, 2018).

*United States v. Suesue*  Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)  Page 18
Case 3:07-cr-00035-TMB   Document 607   Filed 04/19/18   Page 18 of 20

Suesue argues by analogy to *Johnson II* and the Ninth Circuit's opinion in *Dimaya* that the § 924(c)(3)(B) risk-of-force clause violates due process because it is unconstitutionally vague. The risk-of-force question posed by Suesue is perplexing. However, persuasive authority clearly holds that assault on a federal officer, 18 U.S.C. § 111(b) categorically qualifies as a crime of violence under the force clause. Under these circumstances, it is not necessary to resolve this difficult constitutional question in this case.

## V. CONCLUSION

Based on the foregoing analysis, the Court recommends that the District Court, upon independent review, deny Suesue's 28 U.S.C. § 2255 motion to vacate his § 924(c)(1)(A) firearm brandishing conviction and sentence at Docket No. 594.

DATED this 19th day of April, 2018, at Anchorage, Alaska.

/s/ Kevin F. McCoy
KEVIN F. MCCOY
United States Magistrate Judge

Pursuant to Fed. R. Crim. P. 59(b)(2) and D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this final finding and recommendation shall file written objections with the Clerk of Court no later than the **CLOSE OF BUSINESS** on **May 3, 2018**. Pursuant to Fed. R. Crim. P. 59(b)(3), objections will be considered first by the District Court Judge, who will then accept, reject, or modify the recommendation, or resubmit the matter to the Magistrate Judge for additional consideration. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo, et al.*, 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the **CLOSE OF BUSINESS** on **May 10, 2018**. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a).

*United States v. Suesue*  Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)  Page 19
Case 3:07-cr-00035-TMB   Document 607   Filed 04/19/18   Page 19 of 20

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. See *Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

*United States v. Suesue*  Case No. 3:07-cr-00035-TMB-KFM
Initial R & R re Successive 28 U.S.C. § 2255 Motion to Vacate Conviction (Docket No. 594)  Page 20
Case 3:07-cr-00035-TMB   Document 607   Filed 04/19/18   Page 20 of 20