**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

*United States v. Dennis Suesue*
3:07-cr-00035-TMB-1

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Dennis Su'esu'e's "Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" (the "Motion").[1] Su'esu'e argues for a sentence reduction on the basis of "his recent heart attack" and inability to receive adequate medication and care.[2] The Government opposes the Motion (the "Response").[3] The U.S. Probation & Pretrial Services Office ("USPO") Report does not recommend release.[4] For the reasons discussed below, the Motion is **DENIED**.

On May 6, 2008, a jury found Su'esu'e guilty on all seven counts of the Superseding Indictment.[5] On October 20, 2008, the Court sentenced Su'esu'e to 360 months of imprisonment followed by five years of supervised release.[6] Su'esu'e is serving his sentence at Federal Correctional Institution, Sheridan ("FCI Sheridan") in Sheridan, Oregon and has a scheduled release date of January 3, 2033.[7]

Su'esu'e brings this Motion and asserts that he suffers (or has suffered) from a number of medical issues, which are compelling reasons for a sentence reduction.[8] Specifically, he claims that

---

[1] Dkt. 625 (Motion). The Motion states Defendant's last name as "Su'esu'e," and the Court will adopt that spelling. To eliminate any ambiguity, the Court notes that other court documents and the case caption use "Suesue."
[2] *Id.* at 1–2.
[3] Dkt. 628 (Response).
[4] Dkt. 631 (USPO Report).
[5] Su'esu'e was found guilty of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 1); Assault on a Federal Agent, in violation of 18 U.S.C. § 111 (Count 2); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 3); Armed Robbery of Federal Property, in violation of 18 U.S.C. § 2114(a) (Count 4); Use of Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) & (c)(1)(A)(ii) (Count 5); Threatening to Assault or Murder a Family Member of a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(1)(A) & (b)(1)(4) (Count 6); and Threatening to Assault or Murder a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(1)(B) & (b)(1)(4) (Count 7). Dkts. 297–303 (Jury Verdict Forms).
[6] Dkt. 373 at 1–4 (Judgment).
[7] Dkt. 631 at 1.
[8] Dkt. 625 at 6–7.

1

suffered "two heart attacks due to [FCI Sheridan's] lack of medication" for his high blood pressure, has been "diagnosed with bronchitis and chronic sinusitis," high blood pressure, and was a lifelong cigarette smoker.[9] He also asserts that, as a result of "miscalculations" of his medications, he experienced "significant kidney problems, and blood in his urine."[10] Next, Su'esu'e cites the general living conditions at FCI Sheridan, noting that the facility "has been overwhelmed by the disease" and medical staff has "not been able to treat underlying conditions."[11] Finally, he says that if he is released he would live with his mother in Anchorage and would be able to return to work and "give back to his community."[12]

The Government opposes the Motion and argues that the Court should deny Su'esu'e's Motion "[b]ased on the seriousness of [his] offenses of conviction, the danger he presents to the community, the length of time remaining in his prison term, and the limited nature of the exigency involved[.]"[13] The Government argues that Su'esu'e is "unlikely" to show extraordinary and compelling circumstances required for a sentence reduction.[14] It cites his medical records and notes that there is "no mention" of his claimed heart attacks or that he is a life-long smoker.[15] And while the Government acknowledges that Su'esu'e has high blood pressure, it states that Su'esu'e "receives medication for it" and that his high blood pressure is under control.[16] Even if Su'esu'e were able to show extraordinary health reasons warranting release, the Government argues that Su'esu'e has not demonstrated that he would not be a danger to the community upon release. It notes that Su'esu'e "was convicted of a disturbing sequence of offenses" that involved "robbing a federal agent at gunpoint, making further threats to two federal agents and the wife of one of those agents, trafficking drugs and guns, and fleeing from officers."[17] The Government also notes that Su'esu'e has more than 10 years remaining on his 30-year sentence and that the § 3553(a) factors do not weigh in favor of release.[18]

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move the district court for a sentence reduction after exhausting their administrative remedies.[19] After considering the applicable factors set forth in 18 U.S.C. § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction; . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[20] The policy statement of the Sentencing Commission related to compassionate release is found at U.S.S.G. § 1B1.13. The policy statement provides four categories of "extraordinary and compelling reasons" that may warrant relief: (1) the defendant's medical condition, (2) the defendant's age,

---

[9] *Id.* at 6.
[10] *Id.* at 7.
[11] *Id.* at 8–9.
[12] *Id.* at 9–10.
[13] Dkt. 628 at 1–2.
[14] *Id.* at 4.
[15] *Id.* at 5.
[16] *Id.* at 5–6.
[17] *Id.* at 6.
[18] *Id.* at 6–7.
[19] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).
[20] 18 U.S.C. § 3582(c)(1)(A).

2

(3) the defendant's family circumstances, (4) and "other reasons."[21] Furthermore, U.S.S.G. § 1B1.13 provides that a court may only grant relief if it determines "the defendant is not a danger to the safety of any other person or to the community."

As a threshold matter, a motion for compassionate release may only be granted if the Court finds that Su'esu'e exhausted his administrative remedies. Here, Su'esu'e filed a request with the Warden at FCI Sheridan in April 2020, as did his counsel, and neither received a response to his application.[22] Well over 30 days have passed since Su'esu'e's application and the Government concedes that Su'esu'e has exhausted his administrative remedies.[23] Based on the foregoing, the Court agrees that Su'esu'e has exhausted his administrative remedies.

Moving to the merits, the Court finds that Su'esu'e has not demonstrated "extraordinary and compelling reasons" for release. Su'esu'e's medical records indicate that he has been diagnosed with hypertension (high blood pressure) and sleep apnea, and that he has reported chest pain.[24] In one incident in late May 2020, he claimed difficulty breathing but refused to have his blood pressure taken when brought for a medical evaluation.[25] During this visit, the attending nurse commented that Su'esu'e was uncooperative, but noted that his apical heart rate was 69 and with a normal rhythm.[26] Su'esu'e's medical records also indicate that he has active prescriptions for medications to treat high blood pressure.[27] Finally, in October and December 2020, Su'esu'e received EKGs, and there were no abnormalities indicated.[28] However, his blood pressure at the October 2020 medical visit was elevated.[29]

While Su'esu'e's medical history includes hypertension, which the Centers for Disease Control says might put him at an increased risk of severe illness from COVID-19, his blood pressure appears to be well-managed.[30] There is also evidence that Su'esu'e has received attention for his chest pain, as indicated by the October and December 2020 EKGs. The BOP medical records do not corroborate the prevalence or severity of Su'esu'e's other asserted conditions, including his two claimed heart attacks. Furthermore, the COVID-19 infection rate at FCI Sheridan appears to

---

[21] U.S.S.G. § 1B1.13.
[22] See Dkt. 625 at 11–12.
[23] Dkt. 628 at 4.
[24] See, e.g., Dkt. 629-1 at 28 (Medical Records).
[25] Id. at 22
[26] Id. at 23.
[27] Id. at 12.
[28] Id. at 17, 20, 62. The USPO Report states that Su'esu'e had an EKG performed in December 2020, which yielded normal results and that Su'esu'e did well on a stress test. Dkt. 631 at 2.
[29] Dkt. 629-1 at 20.
[30] See Centers for Disease Control and Prevention, Coronavirus Disease 2019, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 26, 2021). The Presentence Investigation Report ("PSR") from 2007 indicates that Su'esu'e reported that "his left kidney does not work" and that he previously had dialysis. See Dkt. 156-4 at 23 (PSR). However, there is no indication that this condition, if it persists, is not well managed.

3

be stable, with zero active infections among inmates and five among staff.[31] The Court finds that Su'esu'e's medical status does not rise to the level of being "extraordinary and compelling" and warrant a sentence reduction.

The Court also finds that the § 3553(a) factors weigh against a sentence reduction. Su'esu'e was sentenced to 360 months of imprisonment and still has a substantial amount of time—over 10 years—of his custodial sentence remaining.[32] The crimes for which he was found guilty are extremely serious and included pointing a gun at an undercover federal agent and threatening to kill them.[33] A significant sentence reduction would not reflect the seriousness of the offense or otherwise comport with the purposes of sentencing. Considering Su'esu'e's underlying offenses, criminal history, and proposed release plan, the Court also cannot conclude that Su'esu'e is "not a danger to the safety of any other person or to the community" upon release.[34]

For the above reasons, the Motion at Docket 625 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: February 26, 2021.

---

[31] *See* Federal Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited Feb. 26, 2021).
[32] *See* Dkt. 373.
[33] *See, e.g.,* Dkt. 156-4 at 3 ¶ 14.
[34] *See* U.S.S.G. § 1B1.13.