# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

*United States of America v. Dennis Su'esu'e*
Case No. 3:07-cr-00035-TMB-1

By:           THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS:     ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Dennis Su'esu'e's Motion for Compassionate Release (the "Motion").[1] Su'esu'e seeks a sentence reduction due to "continued heart problems" including "a recent heart attack" and inadequate medication and care, and because he is the "only potential primary caregiver" for his ailing mother.[2] The United States ("Government") opposes the Motion.[3] United States Probation & Pretrial Services ("USPO") does not recommend release.[4] For the reasons discussed below, the Motion is **DENIED**.

### A. Background

On May 6, 2008, a jury found Su'esu'e guilty on all seven counts of a Superseding Indictment.[5] The offense involved Su'esu'e robbing and directly threatening an undercover agent during a transaction for drugs and firearms.[6] On October 20, 2008, the Court sentenced Su'esu'e to 360 months of imprisonment followed by five years of supervised release.[7] Su'esu'e is serving his

---

[1] Dkt. 633 (*Pro Se* Motion for Compassionate Release); Dkt. 647 (Motion for Compassionate Release).
[2] Dkt. 647 at 1–2.
[3] Dkt. 655 (Government Response in Opposition).
[4] Dkt. 654 (USPO Memorandum)
[5] Su'esu'e was found guilty of Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count 1); Assault on a Federal Agent, in violation of 18 U.S.C. § 111 (Count 2); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 3); Armed Robbery of Federal Property, in violation of 18 U.S.C. § 2114(a) (Count 4); Use of Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) & (c)(1)(A)(ii) (Count 5); Threatening to Assault or Murder a Family Member of a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(1)(A) & (b)(1)(4) (Count 6); and Threatening to Assault or Murder a Federal Law Enforcement Officer, in violation of 18 U.S.C. § 115(a)(1)(B) & (b)(1)(4) (Count 7). *See* Dkts. 297–303 (Jury Verdict Forms); Dkt. 206 (Second Superseding Indictment).
[6] *See* Dkt. 206.
[7] Dkt. 373 (Judgment) at 1–4.

sentence at Federal Correctional Institution, Sheridan ("FCI Sheridan") in Sheridan, Oregon and has a scheduled release date of February 13, 2033.[8]

This is Su'esu'e's second motion for compassionate release.[9] The Court denied his first motion because his asserted health concerns appeared well-managed and did not rise to the level of "extraordinary and compelling reasons" for release, nor was reduction warranted under the § 3553(a) factors.[10]

In Su'esu'e's present motion, he argues he should be released to home confinement so that he can "receive adequate medical care and treatment due to continued heart problems, a recent heart attack, continued high blood pressure, and lack of proper medical care."[11] He further argues that immediate release will allow him "to care for his ailing mother aged 79," whom he reports "has severe medical issues that require daily home care" and for whom he "describes himself as the only potential primary caregiver."[12] He also describes "punitive and harsh" conditions at FCI Sheridan during the COVID-19 pandemic, and asserts that his release would support his rehabilitation.[13] Finally, he posits that if sentenced today, he "would have a significantly less term of incarceration" because "he would no longer meet the criteria to be considered and found a career offender" based on his criminal history due to the age of his "burglary case . . . and his marijuana charge."[14]

Opposing, the Government argues that "medical visits, tests and procedures relating to [Su'esu'e's] medical care [show that] he is being given the medical care and tests he requires."[15] Though "some of these may not be the exact medication or quantity Defendant would like or thinks he may need," "it does not appear that his medical conditions are going untreated as he alleges."[16] Regarding Su'esu'e's mother's care, the Government notes that she "is currently residing with and appears to be in the care of her daughter and grandson," rendering untrue Su'esu'e's assertions that he is the "only potential primary caregiver."[17] Regarding general conditions at FCI Sheridan and Su'esu'e's reported rehabilitation, the Government notes that neither constitutes an "extraordinary and compelling reason[]" for release.[18] Though the Government acknowledges Su'esu'e's engagement in programming while in custody, including completing his GED and drug education, it also notes his extensive disciplinary history.[19] Finally, the Government disagrees that Su'esu'e would no

---

[8] Dkt. 631 at 1. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed June 27, 2024).
[9] *See* Dkt. 625 (First Motion to Reduce Sentence).
[10] Dkt. 633 (Order Denying First Motion to Reduce Sentence).
[11] Dkt. 647 at 1.
[12] *Id.* at 2.
[13] *Id.* at 5–7.
[14] *Id.* at 11–12.
[15] Dkt. 655 at 8.
[16] *Id.* at 7–8.
[17] *Id.* at 9.
[18] *Id.* at 8–10.
[19] *Id.* at 9–11.

longer be considered a career offender if sentenced today because his "two underlying felonies still qualify" as, respectively, a crime of violence and a crime involving a qualified controlled substance (cocaine, not marijuana).[20]

USPO recommends against release.[21] First, it notes that Su'esu'e here raises many similar medical concerns as in his first motion, including alleging recent heart attacks, but that his medical records do not demonstrate that he has suffered from any heart attacks.[22] Rather, his medical status shows no serious heart abnormalities or issues that would rise to the level of "extraordinary and compelling reasons" for release.[23] Further, while Su'esu'e has had several medical issues while incarcerated, USPO notes that his records demonstrate that BOP has the ability to provide necessary medical care and has been treating Su'esu'e's needs.[24] Moreover, given the extremely concerning conduct and seriousness of Su'esu'e's underlying offense, his extensive criminal history including violent crimes, and his long disciplinary history while incarcerated including recent infractions, USPO recommends against release.[25]

### B. Legal Standard

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to move the district court for a sentence reduction after exhausting their administrative remedies.[26] After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction[.]"[27]

The U.S. Sentencing Commission recently amended U.S.S.G. § 1B1.13 to clarify what circumstances may constitute "extraordinary and compelling reasons" for granting compassionate release.[28] While the 2023 Amendments are non-retroactive, the Court may consider non-retroactive changes to sentencing guidelines in deciding whether they provide an extraordinary and compelling basis to reduce a sentence.[29] Under the 2023 Amendments, extraordinary and

---

[20] *Id.* at 11–12.
[21] Dkt. 654 at 4.
[22] *Id.*
[23] *Id.* at 2, 4.
[24] *Id.*
[25] *Id.* at 3–4.
[26] *See* Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018).
[27] 18 U.S.C. § 3582(c)(1)(A).
[28] *See* U.S.S.G. § 1B1.13 (as amended Nov. 1, 2023); *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* at *8 (2023) ("The amendment expands the list of specified extraordinary and compelling reasons and retains the 'other reasons' basis for a sentence reduction to better account for and reflect the plain language of section 3582(c)(1)(A), its legislative history, and decisions by courts made in the absence of a binding policy statement.").
[29] *See United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (confirming that district courts may consider non-retroactive changes in sentencing law, in combination with other factors, in determining whether there are extraordinary and compelling reasons to grant a sentence reduction); *United States v. Roper*, 72 F.4th 1097, 1099 (9th Cir. 2023) (holding that district courts may

compelling circumstances may exist if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons [listed], are similar in gravity to those described."[30] A court may look to the policy statement of the Sentencing Commission, which provides that "extraordinary and compelling reasons" may exist in certain specific circumstances.[31] Such "extraordinary and compelling" reasons may include circumstances in which an individual is the only available primary caregiver for an adult family member's needs.[32] However, the policy statement is "not binding" on courts evaluating motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A).[33]

### C. Discussion

As a threshold matter, Su'esu'e has properly exhausted his administrative remedies. The Court may consider the Motion only if Su'esu'e has "fully exhausted all administrative rights to appeal," or if thirty days have lapsed since BOP has received a request for compassionate release from him.[34] It is clear that "the § 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government."[35] Here, Su'esu'e asserts—and the Government does not dispute—that he properly met the exhaustion requirement.[36]

Turning to the merits, the Court concludes that Su'esu'e has not established "extraordinary and compelling reasons" warranting his early release. First, while the Court sympathizes with Su'esu'e's health concerns, his health needs appear well-managed while in BOP custody and do not rise to the level that would warrant a sentence reduction. Second, Su'esu'e has not established that he is the sole available caregiver for his mother's health needs since it appears from the record that multiple family members can and do provide her any needed care. Third, the Court agrees that neither Su'esu'e's rehabilitation nor general conditions at FCI Sheridan provide a sufficient basis to support compassionate release. Finally, the Court does not find that Su'esu'e's arguments

---

consider non-retroactive changes in post-sentencing law to determine whether extraordinary and compelling reasons exist).

[30] U.S.S.G. § 1B1.13(b)(5).

[31] U.S.S.G. § 1B1.13. The Ninth Circuit has held that the current version of U.S.S.G. § 1B1.13 is "not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A)." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (internal quotation marks omitted). The Ninth Circuit also concluded that a "dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i)[.]" *Id.* at 799.

[32] *See* U.S.S.G. § 1B1.13 cmt. n.1(C); *cf. United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (finding defendant's role as only potential caregiver for his ailing mother was "extraordinary and compelling reason" for compassionate release); *United States v. Walker*, No. 1:11 CR 270, 2019 WL 5268752, at *2 (N.D. Ohio Oct. 17, 2019) (granting release for defendant to assist in caring for his terminally ill mother).

[33] *Aruda*, 993 F.3d at 802 (agreeing with and adopting the rationale from *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not binding on courts considering motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A))).

[34] 18 U.S.C. § 3582(c)(1)(A).

[35] *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

[36] Dkt. 647 at 3–4.

regarding his career offender status establish "extraordinary and compelling reasons" warranting release, particularly given the Government's observations that both offenses likely would still qualify if he were sentenced today.

Further, the Court finds that the § 3553(a) factors weigh against a sentence reduction. Su'esu'e was sentenced to 360 months of imprisonment for extremely serious conduct, which included pointing a gun at an undercover federal agent and threatening to kill them. He still has a substantial amount of time remaining on his sentence, and a sentence reduction would not reflect the seriousness of the offense or otherwise comport with the purposes of sentencing. Considering Su'esu'e's underlying offenses, criminal history, and disciplinary history while in custody, the Court also cannot conclude that Su'esu'e is "not a danger to the safety of any other person or to the community" upon release.[37]

Finding that Su'esu'e has not demonstrated any basis for a sentence reduction, the Court concludes that a sentence reduction is not appropriate.

Accordingly, the Motion at Dockets 633 and 647 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 11, 2024.

---

[37] *See* U.S.S.G. § 1B1.13.